```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RICKY MELVIN HOLLEY,**

    Petitioner

v.                                    Civil Action No. 2:04-0096

**THOMAS MCBRIDE, Warden,**
**Mount Olive Correctional Complex,**

    Respondent


## MEMORANDUM ORDER

This matter is before the court on the Proposed Findings and Recommendation ("PFR") of United States Magistrate Judge Mary E. Stanley filed December 30, 2004, and made pursuant to the provisions of 28 U.S.C.A. § 636(b)(1)(B). Petitioner filed his objections to the magistrate judge's recommendation on January 13, 2005. The court has reviewed the record <u>de</u> <u>novo</u>.

On April 8, 1998, petitioner was indicted by a Kanawha County Grand Jury on one count of murder in the first degree, for which he was found guilty after trial by jury in May 1999. (PFR at 1.) The jury determined that petitioner murdered his estranged wife, Leigh Ann, placed a dog leash around her neck, stuffed her body into a tool box, and dumped the box in the

Kanawha River. He was sentenced to life without mercy, and is incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia. (<u>Id</u>. at 1, 2.)

I.

The magistrate judge, in a thorough consideration of petitioner's claims, recommended that this court find Holley cannot succeed on any of the claims contained in his federal petition for habeas corpus relief. Petitioner objects to the proposed findings and recommendation on the grounds that the magistrate judge:

> (1) did not address evidence indicating that testing revealed hairs recovered from the dog collar found on Leigh Ann Holley's body did not match hairs recovered from petitioner's home[1];
>
> (2) proposed that the petitioner did not meet his burden of rebutting the presumption of

---

[1] A review of the record reveals that petitioner made no reference to the testing of animal hairs in his petition for habeas corpus before the magistrate judge. In his objections, he cites 17 pages from a nearly 2200 page trial transcript to support his position. The 17 cited pages do not pose evidence that animal hairs from the collar were tested against hairs retrieved from petitioner's home. If such evidence were contained within the trial transcript, however, it seems apparent from petitioner's objection that the evidence was presented to the jury, which weighed the evidence before it.

**correctness of the state habeas corpus determination of factual issue;**

**(3) proposed that the conduct of the prosecuting attorney did not result in an unfair trial denying petitioner due process of law;**

**(4) proposed that the admission of "fear evidence" did not result in an unfair trial denying petitioner federal constitutional rights;**

**(5) proposed that alleged statements made by Leigh Ann Holley were not testimonial and thus did not violate petitioner's Sixth Amendment right to confrontation;**

**(6) concluded that petitioner failed to raise a cognizable due process claim after having used a preemptory challenge to remove a juror;**

**(7) concluded that sufficient evidence was available to conclude that Leigh Ann Holley was murdered in Kanawha County, West Virginia;**

**(8) concluded that petitioner's Fifth Amendment rights were not violated when a hearing was conducted without his presence on April 22, 1997 (sic);**

**(9) concluded that petitioner's defense counsel conducted a "thorough and reasonable" investigation and decisions to refrain from introducing certain evidence were "matters of strategy";**

**(10) concluded that petitioner was not provided ineffective assistance of counsel by counsel's failure to object to the conduct of the prosecuting attorney or to move for a mistrial;**

>(11) concluded that petitioner did not demonstrate ineffective assistance of counsel in voir dire;
>
>(12) concluded that "the claim of denial of one full and complete appeal of capital murder does not violate petitioner's due process rights under federal law"; and
>
>(13) recommended that the district judge find that petitioner could not succeed on any claim presented in his federal habeas corpus petition, and that respondent is entitled to judgment as a matter of law on each of petitioner's claims.

## II.

A habeas corpus petition may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has held that the "contrary to" clause may be met in two ways:

>First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law.

> Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

Williams v. Taylor, 529 U.S. 362, 405 (2000). The Court further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Factual determinations of the state court are presumed to be correct and the petitioner has the burden of producing clear and convincing evidence rebutting that presumption. 28 U.S.C. § 2254(e)(1).

Under Fed. R. Civ. P. 72(b), the court is obligated to make a de novo review of the proposed findings and recommendation and may accept, modify, or reject those findings or the court may take additional evidence or remand the matter to the magistrate judge with instructions.

### III.

The court's review of petitioner's objections and exceptions to the magistrate judge's proposed findings and

5

recommendation reveals that petitioner has failed to lodge specific objections to the magistrate judge's findings.  Rather, with the exception of his first objection which was not raised before the magistrate judge, the objections merely recount the contentions asserted in the February 4, 2004, petition.  Several of the objections are one- or two-sentence statements setting forth simple disagreement with the magistrate judge's conclusion, without further reasoning or support cited from the record.[2]  Others are restatements of arguments made to the magistrate judge, with no clear assignment of error to the magistrate judge's reasoning or factual findings.[3]  Plaintiff has thus plainly failed to comply with the specificity requirement of Rule 72(b) with respect to these objections.

The magistrate judge aptly dealt with all of petitioner's arguments in her 93 pages of well-reasoned findings.  With regard to the remaining objections for which petitioner arguably offers support, petitioner appears to have ignored the greater part of the magistrate judge's in-depth analysis dealing

---

[2] See objections 6 through 8, and 10.  Additionally, petitioner's thirteenth objection, presented in a single sentence, is generally directed at the magistrate judge's recommendation.

[3] See objections 9 and 11.

with the very issues now asserted by him.[4]  With respect to those

---

[4]     In his third objection, petitioner states that the magistrate judge performed a "bootstrap analysis" because she remarked on the sufficiency of the evidence in that portion of her proposed findings.  Petitioner overstates the magistrate judge's reliance, where she thoroughly addressed the "invited reply" rule and its bearing on her recommendation, and her reference was made in light of the charge that "prosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation."  (PFR at 48, quoting Caldwell v. Russell, 181 F.3d 731, 736 (6th Cir. 1999) and citing Darden v. Wainwright, 477 U.S. 168, 181 (1986).)  Petitioner has alluded to no evidence supporting a due process violation.

In his fourth objection, petitioner states that the magistrate judge "provides no discussion as to why she" concludes that the admission of "fear evidence" did not render the trial fundamentally unfair, ignoring her proper deference to the state habeas proceeding and her incorporation of the state court judge's discussion.  (See PFR at 54.)  Petitioner does not counter her proposed finding that he failed to demonstrate a violation of his right to due process based on the admission.  (PFR at 55.)

In his fifth objection, petitioner argues that the magistrate judge's reference to the Webster's Dictionary definition of "testimonial" supports his assertion that his Sixth Amendment rights were violated by the admission of statements made by Leigh Ann Holley to friends, family, and acquaintances before her death.  The definition cited by the magistrate judge actually was used by the Supreme Court, which determined that "an accuser who makes a formal statement to government officials bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."  (PFR at 60, quoting Crawford v. Washington, 541 U.S. 36, 51 (2004).)

Finally, in his twelfth objection, petitioner protests the magistrate judge's conclusion that the denial of a full and complete appeal does not violate his federal due process rights and urges the court to "craft . . . law" guaranteeing direct appeal, in the face of the magistrate judge's respect for Teague

objections, petitioner has not taken exception to the law relied upon by the magistrate judge or the manner in which she applied that law.  Instead, he significantly grounds at least two[5] of those objections in a professed lack of discussion by the magistrate judge, though the proposed findings and recommendation is evidence to the contrary.

The court further notes that the magistrate judge's discussion related to petitioner's second objection, directed at the sufficiency of the evidence, permeates the treatment of at least two of these remaining objections.  (PFR at 49, 54.)[6] Without de-accentuating the magistrate judge's thorough findings related to prosecutorial misconduct and the admission of fear evidence, the court emphasizes that, contrary to petitioner's assertions, the magistrate judge "review[ed] the . . . evidence . . . and appl[ied] the test of whether this evidence is so insufficient that no reasonably minded juror could convict beyond

---

v. Lane, 489 U.S. 288, 310 (1989), which prohibits the creation of a rule of law by a federal habeas court.  (PFR at 89.)  See also Engle v. Isaac, 456 U.S. 107, 128, n. 33 (1982)("State courts are understandably frustrated when they faithfully apply existing constitutional law only to have a federal court discover, during a [habeas] proceeding, new constitutional commands.")

[5]     See objections 4 and 5.

[6]     See objections 3 and 4.

a reasonable doubt." (Pet. Obj. at 2.) Petitioner makes no suggestion as to the elements of his proposed test, but the magistrate judge correctly explained that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (PFR at 40 quoting Jackson v. Virginia, 443 U.S. 307 (1979).) Viewed in the light most favorable to the prosecution, the evidence supports petitioner's conviction.

The state habeas court noted several key pieces of evidence, and the magistrate judge incorporated those notations into her proposed findings and recommendation. (PFR at 41-42.) Petitioner objects to the magistrate judge's findings related to the sufficiency of the evidence, pointedly stating that "evidence of divorce proceedings or evidence of ownership of ball bats[7] by a parent whose children play little league [baseball] is not evidence of murder." (Pet. Obj. at 2.) Far more evidence than this was presented at trial, however. While petitioner bore the burden of proof, he failed to rebut the presumption of correctness of the state habeas court in light of evidence that

---

[7] The evidence shows that Leigh Ann Holley was killed by being struck in the head by a tubular object. (PFR at 41.)

9

included: his initial denial that the victim's car was parked in his driveway on the night of her disappearance, and later amendment of that story; the placement of a blue nylon dog leash, similar to one given to petitioner by a humane officer, around the victim's neck; petitioner's possession, with no apparent explanation, of a key fitting the lock of the tool box in which the victim's body was discovered; and the disappearance of the security documentation of West Virginia Paving, where petitioner claimed to be working on the night of the victim's disappearance, for the relevant period. Though circumstantial, this evidence in itself could lead a reasonable minded juror to find guilt beyond a reasonable doubt.

IV.

Finding no merit in Holley's objections to the magistrate judge's recommendation, the court adopts the proposed findings of fact and recommendation in its entirety. Accordingly, it is ORDERED that the motion for summary judgment of respondent be, and it hereby is, granted; and it is further ORDERED that Holley's petition for writ of habeas corpus be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to the United States magistrate judge.

DATED: September 12, 2005

John T. Copenhaver, Jr.
United States District Judge